DONALD *v.* HATTIESBURG BUILDING & LOAN ASS'N.

(Division B. Jan. 14, 1935.)

[158 So. 482. No. 31489.]

Travis & Travis, of Hattiesburg, for appellant.

**F. M. Morris,** of Hattiesburg, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Mrs. Donald, the appellant, was executrix of the estate of Mrs. Lillian S. Orr, and, as such, in the year 1929, filed a petition in the chancery court of Forrest county for the sale of twenty-one shares of stock in the Hattiesburg Building & Loan Association for the purpose of paying debts due by the estate. The chancery court passed an order directing said stock to be sold, and Mrs. Donald went to the Building & Loan Association, the stock being fully matured and having an apparent face value, and sold it to said association, but left the money with the association, and drew checks against it which were honored by the association, until the amount was reduced to five hundred seventy-four dollars and seventy cents. Mrs. Donald testified that, when she went to the association and sold the twenty-one shares of stock to it, she asked the then secretary about placing the money in one of the Hattiesburg banks, and that he asked her to let the money remain in the association, and said that they would honor her checks. The amount realized from the sale of the stock, two thousand one hundred dollars, was placed upon the installment stock books of the association without the knowledge of Mrs. Donald, accord-

ing to her evidence, which is undisputed. It was placed upon the installment stock books by the secretary of the Building & Loan Association, and after paying the debts due by the estate, she asked for a statement of her account, and the amount of the purchase price and the amount of the checks drawn against it were noted in a little passbook which does not appear to have been signed by Mrs. Donald, and which she says was made up after her demand for a statement. After this statement was made up and the book given to her, there was an audit made of the association by the state auditing Department which showed that the association was in a bad financial condition; a considerable portion of its assets having been embezzled by its former secretary. Thereupon, the Building & Loan Association was placed in receivership by the state auditing department, and its affairs were administered by said receiver.

Afterwards, the Building & Loan Association called a meeting of its various stockholders and discussed plans of liquidation, and it was agreed that the stock would be reduced to an amount that would make it solvent, which was accordingly done, the receivership was lifted, and the affairs of the Building & Loan Association were turned over to its stockholders and directors.

Mrs. Donald filed this suit to be declared a creditor of the association and not a stockholder, and to have the money, the balance of five hundred seventy-four dollars and seventy cents, adjudged to her.

It appeared in the evidence for the Building & Loan Association that Mrs. Donald attended the stockholders' meeting and was present when the plan of liquidation was agreed upon. Mrs. Donald's version was that while she was present, she had no stock and so stated to the persons in charge, and they asked what interest she had, and she stated that she had five hundred seventy-four dollars and seventy cents. The secretary who was in

charge at the time the sale for two thousand one hundred dollars was made was not introduced as a witness.

The court below refused to grant the prayer of the petition, but held that Mrs. Donald was a stockholder, from which judgment this appeal is prosecuted.

It clearly appears that the court below had, by its order, directed the sale to be made for the purpose of paying the debts due by the estate, and that the Building & Loan Association took the stock and paid therefor its face value, with the exception of five hundred seventy-four dollars and seventy cents. They knew that Mrs. Donald was an executrix and that the court had directed the stock to be sold for the purpose of paying debts. There was no authority shown for Mrs. Donald to buy other stock, or to make any other debts than those authorized by the decree of the court.

Ordinarily, in the administration of estates, the executor or administrator only has authority to sell certain property to pay debts, or to make certain sales for the purpose of distribution. Under section 1682, Code 1930, the court may authorize the continuance of business for a period not to exceed twelve months, but there is no showing that there was any effort made or authority granted to the executrix to continue business with the Building & Loan Association, even if permissible under this section, which it is not.

The Building & Loan Association knew that Mrs. Donald was dealing with a matter in a fiduciary capacity, and was bound to take notice as to the extent of her authority. There is no authority shown in the record to do so.

It is argued by the appellee that Mrs. Donald is estopped to contend that she was not a stockholder by the fact that she attended the meeting when the liquidation was discussed, and some proxy represented her.

We do not think this position is tenable. See Magee

v. Gregg, 11 Smedes & M. 70; Glenn v. Thistle, 23 Miss. 42, and Franks v. Wanzer, 25 Miss. 121.

It is also argued that inasmuch as Mrs. Donald was executrix, there was a will, and that she may have been authorized by the will to make investments in the Building & Loan Association, and that she should have shown there was no such authority, and not having done so, that we should presume that the court below had knowledge of such power under the will. We think if there was any provision in the will that it was upon the defendant to show such authority, it having knowledge of the fiduciary capacity of Mrs. Donald. Canal-Commercial Trust & Savings Bank v. Brewer, 143 Miss. 146, 108 So. 424, 47 A. L. R. 45. But we do not see how this contention can arise when the record does show that the court ordered the stock to be sold for the purpose of paying debts, and the sale must have been made in pursuance of the decree.

We think the court below was in error, and the judgment will be reversed and judgment rendered here for the appellant for the sum of five hundred seventy-four dollars and seventy cents with six per cent interest from the filing of the petition in this case.

Reversed, and judgment here for the appellant.